## LAWRENCE v. SAMUELS.

(City Court of New York, General Term. April 27, 1896.)

DAMAGES—PHYSICAL EXAMINATION OF PLAINTIFF.

    An order for the physical examination before trial of a female plaintiff in an action for personal injuries will not be vacated because it did not provide that the examination should be made by a female physician, as may be required under Code Civ. Proc. § 873, but the omission of such provision is only ground for a modification of the order.

Appeal from special term.

Action by Lizzie Lawrence against Levi Samuels for personal injuries. From an order denying a motion to vacate an order for plaintiff's physical examination before trial, plaintiff appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Fromme Bros., for appellant.

G. Thornton Warren, for respondent.

VAN WYCK, C. J. This is an action to recover damages for injuries sustained by plaintiff by falling down a stairway of a house owned by defendant, and which stairway he negligently maintained. Defendant obtained an ex parte order for plaintiff's examination before trial as an adverse party, and that at the same time before the same referee she submit to a physical examination by a physician named in the order. The plaintiff moved at special term to vacate this order upon the papers upon which it was granted, upon the ground that they were insufficient to authorize the granting of same, and her motion was denied. This appeal is from the order denying motion to vacate, and appellant's first contention here is that the papers were insufficient to sustain the order; but the affidavit of defendant complies with the provision of the Code. Section 873. The appellant's counsel, by his brief, further contends that the order "permits no person to be present except the referee, the physician, and the plaintiff, and, perhaps, by implication, the defendant's attorney"; but this is not so, for the order does not provide that any one shall be excluded from the hearing. The appellant further complains that the order "compels her to submit to an examination by a physician not of her own sex." Although this is true, and the Code says that she is entitled to have the examination before a physician of her own sex, yet the record does not show that she made any effort to have the order modified so as to provide for her examination by a physician of her own sex, or to have it modified in any respect, and does show that she simply sought to have it vacated on the ground that the papers upon which it was granted were insufficient. It must be assumed that, if she had requested a female instead of a male physician to have been substituted, the court would have granted her request, and upon her request might have otherwise modified the order. The order appealed from is affirmed, with $10 costs, with leave to plaintiff to apply at special term for a modification of the original order as she may be advised.